UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60412-CIV-LENARD/DUBÉ

MARIE JUDITH SAM-LAURENT,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion to Dismiss filed by the Defendant (D.E. #12) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. This Court has reviewed the motion and the file in this cause. The issue presented in this motion is whether the cause should be dismissed based on the asserted failure by the Plaintiff to file a complaint in this Court within sixty days from the final decision of the Commissioner.

### I. FACTS

The Plaintiff, filed a complaint seeking review of a decision denying her application for supplemental security income. (D.E. #1). The Complaint, which was filed on March 18, 2010, states in pertinent part as follows:

> 4. The plaintiff's claim was ultimately denied in an administrative decision dated August 13, 2008. The Appeals Council then denied the Request for Review, rendering the administrative decision the Commissioner's final decision. Plaintiff has now exhausted all administrative remedies.

(D.E. #1, page 1).

After being served with the Complaint, the Defendant filed the present motion which asserts that the Plaintiff's Complaint should be dismissed as it was not filed within the allowed time after receipt of the "final decision" of the Commissioner. Specifically, the Motion to Dismiss asserted that the Plaintiff was required to file the Complaint in this cause on or before March 12, 2010, but that it was untimely filed on March 18, 2010. The Defendant further contends that the sixty day statute of limitations period provided by Congress serves "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen v. City of New York, 476 U.S. 467, 481, 106 S. Ct. 2022 (1986); 42 U.S.C. §405(g).

In response, the Plaintiff argues that the Notice of Appeals Council Action (hereinafter "Notice") was date-stamped January 6, 2010, however, it was not received by LaVan & Neidenberg, P.A. until January 14, 2010. The Plaintiff further argues that she "may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action." 20 C.F.R. §404.981 (emphasis added). Additionally, the Plaintiff contends that the date of receipt is presumed to be five days after the date of the notice unless there is a reasonable showing to the contrary. 20 C.F.R. §422.210(c).

According to the Plaintiff, the Complaint should be deemed timely filed as she did not receive the Notice until January 14, 2010 and has provided a "reasonable show" as to when she received it. Specifically, the Plaintiff requests this Court to find that the Affidavit of Adam Neidenberg, Esq. be accepted as sufficient evidence to show that the Notice was not received by counsel for the Plaintiff until January 14, 2010.

## II. LEGAL ANALYSIS

Judicial review of disability benefit determinations under the Social Security Act is only permitted pursuant to 42 U.S.C. §405(g), which provides in pertinent part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

As set out above, under 42 U.S.C. §405(g), in order to seek judicial review of a final administrative decision, the action must be "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The regulations further provide that any civil action be filed within sixty days of receipt of the notice, with the date of receipt presumed to be five days after the date of notice, absent a reasonable showing to the contrary. 20 C.F.R. §422.210(c). The filing deadline has been construed as a statute of limitations which is subject to equitable tolling. See, Bowen, 476 U.S. at 478-480. However, such a tolling is an "extraordinary remedy which should be extended only sparingly." Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004); Price v. Shalala, No. 93-6651-CIV-Zloch, 1994 WL 543030 (S.D. Fla. May 31, 1994).

The law is well settled that equitable tolling may apply to 42 U.S.C. §405(g)'s statute of limitations. However, before a court may do so it must apply "traditional equitable tolling principles," which require that the claimant demonstrate extraordinary circumstances such as fraud, misinformation, or deliberate concealment. Jackson v. Astrue, 506 F.3d 1349 (11th Cir. 2007). Additionally, the regulations provide for a "good cause" standard in cases where a claimant is

requesting that the Appeals Council extend the deadline for filing a complaint in federal district court.

20 C.F.R. §416.1482. Specifically, the regulations provide, in pertinent part, as follows:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended... <u>The request must be filed with the Appeals Council</u>, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 416.1411.

20 C.F.R. §416.1482 (emphasis added).

In the present case, it is undisputed that Sam-Laurent filed her Complaint after the expiration of the sixty day statute of limitations. The Appeals Council Notice dated January 6, 2010, instructs the claimant as to the time to file a civil action and states, in pertinent part, as follows:

> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(D.E. #13, page 9).

As provided for in the regulations and noted above, this Court notes that the appropriate legal avenue for the Plaintiff to have taken would have been to file a motion for extension of time with the Appeals Council. Sam-Laurent's reliance on the "good cause" standard is misplaced before this Court.

Additionally, this Court notes that the burden is on the Plaintiff to show that she is entitled to the extraordinary remedy of equitable tolling. <u>See</u>, <u>Justice v. United States</u>, 6 F.3d 1474, 1479

(11th Cir. 1993); Williams, 147 Fed. Appx. at 136. Due to the specific nature and facts of this case, this Court finds that there is no legal basis to justify equitable tolling of the statute as the requirements for equitable tolling have not been met and that therefore, the case should not be permitted to proceed. Accordingly, it is the recommendation of this Court that the Motion to Dismiss (D.E. #12) be **GRANTED** and that this cause be **DISMISSED**.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court finds that this cause should be dismissed based on the failure by the Plaintiff to file a complaint in this Court within sixty days from the final decision of the Commissioner. Therefore, it is the recommendation of this Court that this cause be **DISMISSED**. Accordingly, the Motion to Dismiss (D.E. #12) should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this \_\_\_7\_\_\_ day of July, 2010.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE